*John R. L. Smith, Grady C. Harris,* for plaintiff.

*Hall & Grice,* for defendant.

---

## 10429.   HARRIS *v.* WARMACK.

STEPHENS, J. 1. Where the owner of real estate listed it with a broker for the purpose of sale upon certain terms, and the broker failed to procure a purchaser upon such terms, but did procure one who entered into a contract directly with the owner upon different terms, part of the consideration of the latter terms being a conveyance to the owner by the purchaser of a lot, but where such contract of sale was not consummated, by reason of the inability of the purchaser to convey the lot to the owner, because the purchaser had no title to the lot and could not obtain title thereto, the purchaser for this reason was not "ready, willing, and able" to buy upon the terms agreed upon by him with the owner, and the broker, not having procured a purchaser "ready, willing, and able" to buy upon any terms, did not earn any commission upon the alleged sale.

2. The verdict was demanded by the evidence, and it is therefore not necessary to consider any of the alleged errors in the judge's charge.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED DECEMBER 16, 1919.

Complaint; from Catoosa superior court—J. E. Rosser, judge pro hac vice. February 3, 1919.

*W. E. Mann, M. L. Harris,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

---

## 10546.   ODUM BROTHERS CO. *v.* ADLER.

STEPHENS, J. There being only issues of fact in this case upon which the evidence was conflicting the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED DECEMBER 16, 1919.

Certiorari; from Fulton superior court—Judge Bell. March 8, 1919.

*Julius D. Ward, Burress & Dillard,* for plaintiff in error.

*Napier, Wright & Wood,* contra.